AGUSTINA MANGUAL, ETC., ET AL., Plaintiffs and Appellants, *v.* MUNICIPALITY OF AÑASCO, Defendant and Appellee.

No. 8738. Argued December 17, 1943.—Decided February 17, 1944.

*Amador Ramírez Silva* for appellants.   *Ildefonso Freyre* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the court.

The widow and children of Eladio Mangual brought this action to recover damages for the death of Mangual because of the alleged negligence of the Municipality of Añasco. The plaintiffs have appealed from a judgment of the district court for the defendant.

■■ We address ourselves first to the contention that the lower court erred in weighing the evidence. The testimony for both parties was to the effect that Mangual was on foot on a road in Añasco, when he was killed by electrocution by virtue of contact with a high voltage electric wire.

There was, however, a conflict in the testimony as to the manner in which Mangual came in contact with the wire. The plaintiffs' testimony was that Mangual was walking home on the road; that he proceeded to the edge of the road to avoid a truck which was traveling at high speed in the opposite direction; that the movement of the truck apparently dislodged the wire which had broken, had fallen, and was hanging on a tree; that as the truck went by, the wire fell on Mangual, who grabbed it in a vain effort to remove it from his body.

On the other hand, Julio Angel Montalvo, an employee of the defendant, testified that when he was informed that a wire had broken, he went to the place where it had hap-

pened; that he saw a group of persons at that place; that he shouted to them not to touch the wire, which was lying in a ditch; that Mangual answered, "That is harmless," took the wire in his left hand, and was instantly electrocuted. Montalvo's testimony was corroborated by other witnesses who were also, with one exception, employees of the defendant.

We have no doubt that under the rule laid down in *Rosado* v. *Ponce Railway Light Co.*, 18 P. R. R. 593, *Orta* v. *Porto Rico Railway, Lt. & P. Co.*, 36 P. R. R. 668, and *Heirs of Matheu* v. *Municipality*, 56 P. R. R. 514, the plaintiffs could invoke the doctrine of *res ipsa loquitur* in this case. But as we pointed out in *Hermida* v. *Feliciano*, 62 P. R. R. 54, *res ipsa loquitur* is merely a rule of evidence. In the instant case it took the place of evidence of negligence of the defendant. Our difficulty herein is that the lower court believed the testimony that Mangual deliberately went out of his way to grab the wire to demonstrate that it was harmless. Certainly such conduct, if it took place, was contributory negligence sufficient to bar recovery. The district court found that it did take place. Since the testimony on that question was conflicting, it is not within our province to interfere with that finding of fact by the lower court.

This court has gone to considerable lengths to sustain judgments for plaintiffs in electrocution cases resulting from contact with high tension wires of enterprises engaged in furnishing electric power and service to the public. A notable instance is the recent case of *Heirs of Matheu* v. *Municipality, supra.* But we are not called on to reexamine at this time the language found therein, particularly at pp. 522, 23, as the *Matheu* case is easily distinguishable from the instant case on its facts. There the lower court found that the wire was obstructing the road which the deceased was traveling and that he was therefore not contributorily negligent in attempting to remove it from his path. Here we

have the district court giving credence to testimony that the deceased wilfully went out of his way to seize the high tension wire simply to demonstrate that it was harmless (cf. *Dunagan* v. *Appalachian Power Co.*, 11 F. (2d) 65 (C. C. A., 4th, 1926)).

In view of the result we have reached, there is no occasion to inquire into the finding of the district court that the suit should in any event have been brought against the People of Puerto Rico rather than the Municipality of Añasco.

The judgment of the district court will be affirmed.